IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
ON REMAND FROM THE UNITED STATES SUPREME COURT

**BILLY MERLE MEEKS v. RICKY J. BELL, WARDEN**

**Direct Appeal from the Circuit Court for Davidson County**
**No. 04C-3157    Thomas W. Brothers, Judge**

_____

**No. M2005-00626-CCA-R3-HC - Filed November 13, 2007**

_____

Petitioner, Billy Merle Meeks, filed a petition for writ of habeas corpus, attacking his convictions for aggravated kidnapping, especially aggravated robbery, especially aggravated burglary, and extortion. He was convicted in August 1990, received an effective sentence of thirty-nine (39) years after partial consecutive sentencing, and filed his habeas corpus petition in 2004. The petition was dismissed and this Court affirmed. *Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC, 2005 WL 3504665 at *1 (Tenn. Crim. App., at Nashville, Dec. 22, 2005) *perm. app. denied* (Tenn. May 1, 2006) (*Meeks I*). On petition for writ of certiorari, the United States Supreme Court granted the petition, vacated the judgment of this Court, and remanded this case for further consideration in light of *Cunningham v. California*, 549 U.S. _____ 127 S. Ct. 856 (2007). Counsel was appointed for Petitioner and the parties were ordered to file additional briefs in light of the remand. Following review of the record and the arguments of Petitioner and the State, we affirm the judgment of the trial court dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Patrick G. Frogge, Nashville, Tennessee, for the appellant, Billy Merle Meeks.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; and Victor S. (Torry) Johnson III, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

A review of the history of this case and the appellate decisions which have affected its ultimate disposition is necessary to place in perspective the result reached herein.

In his *pro se* petition for habeas corpus relief, Petitioner includes the following allegation:

Petitioner's convictions are VOID and the only legal sentence he could have received has expired. Petitioner received the unconstitutional and illegal effective sentence of thirty-nine (39) years. The maximum sentence allowed by law, if he had been legally and lawfully convicted [sic] was an effective sentence of [t]welve (12) years. Petitioner has now served fifteen (15) years day for day without the calculation on any earned sentence credits.

The following five specific grounds for relief are set forth as they appear in the petition:

1.)     Petitioner has been sentenced by a Trial Court that was without the authority to impose the illegal sentence in violation of Article 1, § 6, of the Constitution of Tennessee and the Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment. Therefore, Petitioner is being unlawfully restrained of his liberty by the Respondent and the State of Tennessee. Petitioner's convictions are VOID, his sentences are illegal.

2.)     The Criminal Sentencing Reform Act of 1989, Tennessee Code Annotated (TENNESSEE CODE ANNOTATED SECTION) §§ 40-35-101, thru 40-35-504, is unconstitutional and in violation of both the the [sic] United States Constitution Fifth, Sixth and Fourteenth Amendments and Article 1, §§ 6, 9, & 15 of the Tennessee State Constitution and the Act was unconstitutionally applied to the Defendant in this case.

3.)     The Trial Court exceeded its authority and jurisdiction by imposing enhanced sentences pursuant to T.C.A. §§ 40-35-101, thru 40-35-504, in connection with all counts of the indictments when the enhancement factor of "*serious bodily injury*," a necessary element of each charged offense, had been included in the indictments, but had not been proven to a jury beyond a reasonable doubt or admitted by Danny Ray Meeks [sic] but rather was determined by virtue of the Trial Judge's personal opinion in violation of Petitioner's Sixth Amendment jury trial rights and *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).

4.)     The Trial Court exceeded its authority and jurisdiction by imposing an enhanced sentences [sic] pursuant to T.C.A.. §§ 40-35-101, thru 40-35-504, in connection with all counts of the indictments when the enhancement factors had not been included in the indictments, had not been proven to a jury beyond a reasonable doubt and had not been admitted by Billy M. Meeks, in violation of his Sixth Amendment jury trial rights and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 June 24, 2004.

5.) The Constitution of Tennessee Article 1, § 15, and T.C.A. § 29-21-101, et seq. does not restrict habeas corpus review to jurisdictional issues and expiration of sentences as the sole grounds for relief. Judges in Tennessee erroneously rely upon the well settled (Judge-Made Law) law that habeas corpus relief is available only if the convicting court was without jurisdiction or authority to impose the sentence or the sentence has expired.

The Respondent (State) filed a motion to dismiss the petition without having an evidentiary hearing. On March 10, 2005, the trial court granted the motion. The trial court ruled that Petitioner's fifth ground for relief was "contrary to the well established standard for granting habeas relief in Tennessee, and is therefore, not well taken." Recognizing that Petitioner's other four grounds for relief were based upon the assertion that Petitioner was unconstitutionally sentenced in light of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the trial court concluded that Petitioner was not entitled to relief because this Court had held that "like other jurisdictions, we decline to find *Blakely* retroactively applicable to cases on collateral appeal." *Donald Branch v. State*, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, *slip op.* at _____ (Tenn. Crim. App., at Jackson, Dec. 21, 2004) *perm. app. denied* (Tenn. May 23, 2005). The wisdom of the trial court is reflected in this Court's ultimate holding herein.

Petitioner appealed the dismissal of his habeas corpus petition and this Court affirmed, as noted above. Approximately one month after the trial court dismissed the habeas petition, the Supreme Court of Tennessee filed its opinion in *State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005) (*Gomez I*), in which the Court addressed the issue of "whether the defendants' sentences were imposed in violation of their Sixth Amendment right to trial by jury" as interpreted by *Blakely*. *Id*. at 636. In *Cunningham v. California*, 549 U.S. _____, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), the case that caused the case *sub judice* to be remanded to this Court, the United States Supreme Court stated,

Because circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence, not beyond a reasonable doubt [citation omitted] the [California sentencing scheme] violates *Apprendi's* [*Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000)] bright-line rule: Except for a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. 2348. While "[t]hat should be the end of the matter," *Blakely*, 542 U.S. at 313, 214 S. Ct. 2531 . . . , the California Supreme Court held otherwise.

*Cunningham*, 549 U.S. at _____, 127 S. Ct. at 868.

In *Blakely*, the United States Supreme Court stressed that:

-3-

the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

*Blakely*, 542 U.S. at 303-04 (citations omitted).

In *Gomez I*, the Tennessee Supreme Court held that "because the defendants failed to raise and to preserve for review their Sixth Amendment challenge [relying on *Blakely*], the defendants are limited to seeking relief via plain error review." *Gomez I* at 651. One of the five required factors which must be shown in order to reverse for plain error is that "a clear and unequivocal rule of law [has] been breached," *Id*. at 652 (quoting *State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000)). After an extensive analysis, the court concluded that this *Smith* factor did not apply and therefore the defendants in *Gomez I* were not entitled to relief. The court held:

> We conclude that Tennessee's sentencing structure does not violate the Sixth Amendment. . . . In light of our holding that the defendants' sentences were not imposed in violation of the Sixth Amendment, the defendants are not entitled to relief because the record reflects no plain error.

*Gomez I*, at 661-62.

Subsequent to the filing of *Gomez I*, when the Petitioner's appeal first reached this Court, the State filed a motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee. We granted the motion and filed our memorandum opinion, in which we agreed with the trial court that Petitioner's fifth ground for relief was contrary to well established law and accordingly had no merit. However, as to Petitioner's four other grounds for relief based upon his Sixth Amendment rights as set forth in *Blakely*, instead of affirming the trial court by using the same legal reasoning relied upon by the trial court (that *Blakely* does not apply retroactively to cases collaterally attacking a judgment of conviction) we relied only upon *Gomez I* and stated "[o]ur supreme court recently held in *State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005), that Tennessee's criminal sentencing statutes do not violate the Sixth Amendment as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)." *Meeks I*, 2005 WL 3504665 at *1.

## II. Analysis

Our analysis is limited to the Tennessee Criminal Sentencing Reform Act of 1989 (Reform Act) as it existed prior to June 7, 2005, when the legislature made substantial changes in order for the sentencing scheme to not run afoul of the Sixth Amendment right to a jury trial. 2005 Tenn. Pub. Acts ch. 353. These revisions have resulted in the Reform Act now being in compliance with the Sixth Amendment regarding judge sentencing, as implicitly noted by the United State Supreme Court in *Cunningham*, 549 U.S. at _____ n. _____, 127 S. Ct. At 871 n. 18. Petitioner was obviously sentenced prior to the effective date of the 2005 revisions.

Pertinent to the case *sub judice*, we recognize that the definition of the term "prescribed statutory maximum" as it applies to a sentence under scrutiny is what primarily caused differences of opinion among various appellate courts. *See Graham v. State*, 90 S.W.3d 687, 692 (Tenn. 2002). In *Graham*, the petitioner had been convicted of aggravated rape, aggravated kidnapping, and aggravated burglary, and received a total effective sentence of twenty-five (25) years. The sentence was longer than the statutory presumptive sentence authorized upon conviction. The petitioner filed a motion to reopen his previously denied post-conviction petition on the basis that *Apprendi* created a new constitutional right. The trial court denied the motion and this Court affirmed.

The Tennessee Supreme Court affirmed, but on a basis different than this Court. The Petitioner's sentenced had been enhanced to the maximum Range I sentence based upon several enhancement factors. In affirming the denial of the motion, our supreme court held,

> The petitioner in this case received a sentence *within* the statutory maximum for each crime. Accordingly, the trial court was well within its constitutional and statutory authority to consider enhancing factors for the purpose of sentencing without the assistance of the jury. Thus, *Apprendi* provides the petitioner with no relief.

*Graham*, 90 S.W.3d at 692.

Thus, in *Graham*, our supreme court held that no *Apprendi* violation occurs as long as the trial court does not enhance the sentence above the maximum possible sentence that can be lawfully imposed within the appropriate range. As noted above, the Supreme Court in *Blakely* held otherwise by stating that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id*. at 303-04, 124 S. Ct. at 2537 (quoting 1 J. Bishop, Criminal Procedure § 87, p. 55 (2d ed. 1872)).

In *Gomez I* the majority of our supreme court concluded that

> [The Tennessee Criminal Sentencing Reform Act of 1989] [(Reform Act)] does not include a formula, a grid, or any other mechanical process. It instead sets out broad sentencing principles, enhancement and mitigating factors, and a presumptive

sentence, all of which serve to guide trial judges in exercising their discretion to select an appropriate sentence within the range set by the Legislature. *Under the Reform Act, the finding of an enhancement factor does not mandate an increased sentence.* The Reform Act does not provide a system which requires or even allows judicial power to "infringe[ ] upon the province of the jury." *Blakely*, 124 S. Ct. at 2540. Thus, for these reasons, and in accordance with our duty to indulge every presumption in favor of the constitutionality of statutes – a duty which the dissent fails to discuss – we conclude that Tennessee's sentencing structure does not violate the Sixth Amendment. (emphasis added).

*Gomez I* at 661. (emphasis added).

Our Court affirmed the dismissal of Petitioner's habeas corpus petition in light of *Gomez I*. In *Cunningham*, the United States Supreme Court re-emphasized that in *Blakely*, the Court stated, "we held it irrelevant that the [Washington Sentencing] Reform Act ultimately left the decision whether or not to depart [from the presumptive sentence] to the judge's discretion: 'Whether the judicially determined facts *require* a sentence enhancement or merely *allow* it,' we noted, 'the verdict alone does not authorize the sentence.'" *Cunningham*, 127 S. Ct. at 865 (quoting *Blakely*, 542 U.S. at 305 n.8). Furthermore, the essential holding of *Cunningham* is that the Court's decisions from *Apprendi* to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) direct that a designated starting point, such as Tennessee's presumptive sentence used in sentencing Petitioner, is the relevant statutory maximum sentence, and when the judge, but not the jury, is the finder of facts necessary to increase the sentence beyond the presumptive sentence, "the [statutory sentencing] system cannot withstand measurement against our Sixth Amendment precedent." *Cunningham*, 549 U.S. at _____ 127 S. Ct. at 871 (specifically referencing the California determinate sentencing law).

The United States Supreme Court vacated the Tennessee Supreme Court's decision in *Gomez I* and remanded the case for reconsideration in light of *Cunningham*. *State v. Gomez*, _____ S.W.3d _____, No. M2002-01209-SC-R11-CD (Tenn. Oct. 9, 2007) slip op. at 3 (*Gomez II*).

Since the remand from the United States Supreme Court and the filing of the briefs in the case *sub judice*, the Tennessee Supreme Court has filed its opinion regarding the remand of *Gomez I*.

In *Gomez II*, our supreme court held that

Applying *Cunningham*, we conclude that the [Tennessee Criminal Sentencing Reform Act of 1989] failed to satisfy the Sixth Amendment insofar as it allowed a presumptive sentence to be enhanced based on judicially determined facts. That is, to the extent the Reform Act permitted enhancement based on judicially determined facts other than the fact of a prior conviction, it violated the Sixth Amendment [right

to a jury trial] as interpreted by the Supreme Court in *Apprendi*, *Blakely*, and *Cunningham*.

*Gomez II*, slip op. at 6-7 (footnote omitted).

Petitioner was convicted and sentenced in 1990, ten years prior to the United States Supreme Court's decision in *Apprendi*. It is clear from *Blakely*, *Cunningham*, and *Gomez II*, that Petitioner's sentences, (insofar as they were increased as a result of judicial fact finding of applicable enhancement factors other than prior convictions) were imposed in violation of Petitioner's Sixth Amendment right to a jury trial as interpreted by *Apprendi*.

Consistent with allegations in his petition for habeas corpus relief which was dismissed by the trial court without a hearing, Petitioner asserts on appeal, after remand from the United States Supreme Court, that his sentences have expired because he has served more time in custody than the jury verdicts alone would allow.

According to the judgments filed with the habeas corpus petition and included in the record on appeal, Petitioner was convicted of the following offenses and received the indicated sentences:

    (1)    Aggravated Kidnapping, a Class A felony, Range I Standard, 15 years

    (2)    Especially Aggravated Robbery, a Class A felony, Range I Standard, 20 years

    (3)    Aggravated Burglary, a Class C felony, Range II Multiple, 10 years

    (4)    Extortion, a Class D felony Range II Multiple, 4 years

The trial court ordered the twenty-year sentence to be served consecutively with the fifteen-year sentence and the four-year sentence to be served consecutively to the twenty-year sentence, and the ten-year sentence to be served concurrently with the twenty-year sentence, for an effective sentence of thirty-nine (39) years.

As pertinent to the appeal, the Range I fifteen-year sentence for aggravated kidnapping is the presumptive minimum sentence at the time of the Petitioner's offense and thus would not violate the Sixth Amendment as construed by *Blakely*. Likewise, the Range II four-year sentence for extortion is the minimum presumptive sentence for extortion. The elevated Range II sentence was reached solely by prior felony convictions, so there would be no Sixth Amendment violation in imposing the length of this sentence. *Cunningham*, 127 S. Ct. at 868.

Thus only the twenty-year sentence for especially aggravated robbery (increased from the presumptive sentence of fifteen years for a Class A felony at the time of the Petitioner's offense) and the ten-year sentence for aggravated burglary (increased frm the presumptive sentence of six years)

must be examined in light of *Cunningham*. In addition, the consecutive sentencing must be reviewed to address Petitioner's argument that consecutive sentencing violates *Apprendi* and its progeny.

This case was remanded to this Court for further consideration in light of *Cunningham*. *Billy Merle Meeks v. Ricky Bell, Warden*, _____ U.S. _____, 127 S. Ct. 1243, 167 L. Ed. 2d 60 (2007). While a ruling in compliance with *Cunningham* would clearly control Petitioner's sentencing had the issue been raised by Petitioner at the time of his sentencing in 1990, he did not raise the *Apprendi* and *Blakely* issue until he filed his habeas corpus petition in 2004.

While Petitioner couches his argument on the basis that his effective sentence has expired (a well recognized ground for habeas corpus relief), this premise is based on the assertions that he should have received the presumptive sentence of fifteen years for especially aggravated robbery and six years for aggravated burglary, **and** that the consecutive sentences imposed also violated the rulings in *Apprendi*, *Blakely*, and *Cunningham*. We have thoroughly examined *Cunningham*, and found no guidance as to whether *Apprendi* and its progeny are to be given retroactive application in cases such as Petitioner's which are collateral attacks upon final judgments of conviction. Petitioner has not directed our attention to any portion of *Cunningham* which would authorize such retroactive application. In fact, the weight of authority is contrary to Petitioner's assertions. *See United States v. Mora*, 293 F.3d 1213 (10th cir. 2002); *Davis v. United States*, 2007 WL 2138619 (E.D.T.N.. 2007); *Lopez v. Campbell*, 2007 WL 2500424 (E.D.C.A. 2007).

Petitioner also argues that the ruling in *Cunningham* dictates that *Apprendi* and its progeny require that facts relied upon to impose consecutive sentences (other than prior convictions) must be found by a jury and not a judge. Neither the *Cunningham*, nor the *Blakely*, nor the *Apprendi* decisions directly address the issue of whether the determination to impose consecutive service of multiple sentences implicates Sixth Amendment *Apprendi* concerns. Each case does address the Sixth Amendment issue as it applies to the methods of enhancement of individual sentence length coupled with the determination of guilt. The manner of service of a sentence(s) has no direct correlation to the finding of guilt, other than conviction of certain offenses limit the options of certain manners of serving the sentence.

Without specific guidance in *Cunnningham*, we rely upon prior decisions of this Court and conclude that *Apprendi* and its progeny do not affect the trial court's ability to find facts essential to justify consecutive sentencing. *See State v. Eric Lumpkins*, No. W2005-02805-CCA-R3-CD, 2007 WL 1651881, at *12 (Tenn. Crim. App., ad Jackson, June 7, 2007) *perm. app. granted* (Tenn. Oct. 15, 2007), and cases cited therein. As to retroactive application of *Apprendi*, *Blakely*, and *Cunningham* to Petitioner's convictions and sentences, we also conclude that the holdings are not to be applied retroactively. *See Timothy R. Bowles v. State*, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *2-3 (Tenn. Crim. App. at Nashville, May 1, 2007) no. Tenn. R. App. P. 11 application filed, and cases cited therein.

Finally, we find nothing in the *Cunningham*, *Apprendi*, or *Blakely* decisions which would expand Petitioner's right under Tennessee's habeas corpus procedure to attack a judgment which is

merely voidable but not void on its face. It is clear that the imposition of a sentence by the trial judge is constitutionally permissible. It is constitutionally permissible for a trial judge to enhance a sentence above the "statutory maximum" sentence, based upon a finding by the court of prior convictions. *Blakely*, 542 U.S. at 301, 124 S. Ct. at 2536 (citing *Apprendi*, 530 U.S. at 490). It is constitutional error in violation of a defendant's right to trial by jury for the trial court to increase a sentence above the "statutory maximum" sentence based upon facts, other than prior convictions, not found by a jury. However, *Apprendi* and its progeny have not held that this error is fundamental constitutional error wherein the doctrine of constitutional harmless error would not apply. As such, even if *Apprendi*, *Blakely*, and *Cunningham* could be applied retroactively, it would render the judgment merely voidable, and not void, and therefore Petitioner's claims are not cognizable in a Tennessee state habeas corpus proceeding. *See Archer v. State*, 851 S.W.2d 157 (Tenn. 1993); *Taylor v. State*, 995 S.W.2d 78 (Tenn. 1999). Accordingly, Petitioner is not entitled to relief in this appeal.

## CONCLUSION

While the United States Supreme Court's decision in *Cunningham* clearly mandates that sentences such as those imposed upon Petitioner in 1990 for his convictions for especially aggravated robbery and aggravated burglary would be subject to the restrictions of the Sixth Amendment as subsequently set forth in *Apprendi*, Petitioner is not entitled to relief because *Apprendi* and its progeny are not to be applied retroactively in collateral attacks upon final judgments and *Apprendi* and its progeny do not apply to consecutive sentencing. Further, Tennessee's habeas corpus procedure is available to set aside only void judgments and, as Petitioner's judgments at most would be voidable, his claims are not cognizable in our state's habeas corpus proceedings.

_____
THOMAS T. WOODALL, JUDGE